UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANTWAN McNEAL,

    Petitioner,

v.      Case No. 8:18-cv-1937-WFJ-TGW

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

# O R D E R

    Mr. McNeal, a Florida inmate, initiated this action by filing a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. 1) in which he challenges convictions for aggravated battery, shooting into an occupied vehicle, and discharging a firearm from a vehicle entered in 2014 in Polk County, Florida. Respondent filed a response to the petition which incorporates a motion to dismiss the petition as time-barred (Doc. 7). Upon consideration, the motion to dismiss will be granted.

**Procedural Background**

    Mr. McNeal's convictions were entered on December 9, 2013 (Doc. 8-2, Exhibit 7 at 42), and he was sentenced to a total of 35 years in prison on January 31, 2014 (*Id.* at 43, 67). His convictions and sentences were affirmed on appeal on October 3, 2014 (Doc. 8-2, Exhibit 5).

    On October 18, 2016, Mr. McNeal, through counsel, filed a Motion for

1

Postconviction Relief under Rule 3.850, Fla.R.Crim.P. (Doc. 8-3, Exhibit 15 at 69-91). The Rule 3.850 motion was denied on June 15, 2017 (*Id*. at 95-97). The denial of the motion was affirmed on appeal (Doc. 8-2, Exhibit 13), and the appellate court mandate issued on May 1, 2018 (Doc. 8-2, Exhibit 14). Mr. McNeal's federal habeas petition was filed in this Court on August 1, 2018 (Doc. 1).

**Discussion**

Respondent moves to dismiss the petition as time-barred under 28 U.S.C. §2244(d), arguing that more than one year passed after Mr. McNeal's judgment of conviction became final. The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for federal habeas petitions. 28 U.S.C. § 2244(d)(1). *Lawrence v. Florida*, 549 U.S. 327, 331 (2007). The limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. . . ." § 2244(d)(1)(A). Additionally, "[t]he time during which a properly filed application for State post conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." § 2244(d)(2).

Mr. McNeal's judgment of conviction was affirmed by the state appellate court on October 3, 2014. Consequently, for purposes of § 2244(d), the judgment became final ninety (90) days later on January 2, 2015. *See Nix v. Sec'y for Dep't of Corr.*, 393 F.3d 1235, 1236–37 (11th Cir.2004) (holding that Florida prisoner's conviction became "final" for AEDPA purposes on date the 90–day period for seeking certiorari review in

2

Supreme Court expired); Supreme Court Rules 13(1) and (3) (for a petition for certiorari to be timely, it must be filed within 90 days after entry of the judgment or order sought to be reviewed). Thus, Mr. McNeal's AEDPA statute of limitations period commenced on January 2, 2015 and elapsed one year later on January 4, 2016.[1] He therefore had until January 4, 2016, in which to file a timely federal habeas petition under § 2254.[2] His habeas petition was filed in August 2018, more than two years later. Accordingly, the petition is barred by the statute of limitations unless Mr. McNeal can demonstrate that he is entitled to equitable tolling of the limitations period.

The limitations period under § 2244(d) is subject to equitable tolling. *Sibley v. Culliver*, 377 F.3d 1196, 1204 (11th Cir.2004). Section 2244 "permits equitable tolling 'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence.'" *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir.2000) (quoting *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir.1999) (per curiam)); *Arthur v. Allen*, 452 F.3d 1234, 1252 (11th Cir.2006) (petitioner must show both extraordinary circumstances and diligence). Equitable tolling only applies, however, where the litigant satisfies his burden of showing that he has been pursuing his rights diligently and that some extraordinary circumstance "stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631 (2010).

---

1 The 365th day fell on Saturday, January 2, 2016.

2 Mr. McNeal's October 2016 post-conviction motion did not toll the limitations period because the limitations period already had expired on January 4, 2016. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir.2000); *Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir.2001) (rejecting theory that limitations period was reinitiated upon filing of timely rule 3.850 post-conviction motion outside limitations period).

3

Mr. McNeal has not satisfied his burden of showing circumstances justifying equitable tolling. He appears to argue that he is entitled to equitable tolling under the decision in *Martinez v. Ryan*, 132 S. Ct. 319 (2012) (See Doc. 11). *Martinez*, however, does not provide a basis for equitable tolling of the AEDPA limitations period. *See Arthur v. Thomas*, 739 F.3d 611, 630 (11th Cir. 2014) ("[T]he *Martinez* rule explicitly relates to excusing a procedural default of ineffective-trial-counsel claims and does not apply to AEDPA's statute of limitations or the tolling of that period."). Therefore, Mr. McNeal's petition is time-barred.

Accordingly, Respondent's construed motion to dismiss (Doc. 7) is **GRANTED**. The petition for writ of habeas corpus (Doc. 1) is **DISMISSED** as time-barred. The Clerk shall enter judgment against Mr. McNeal and close this case.

## Certificate of Appealability and Leave to Proceed on Appeal In Forma Pauperis Denied

A certificate of appealability will issue only if Mr. McNeal makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Generally, a petitioner must demonstrate that reasonable jurists would find this Court's assessment of the constitutional claims debatable or wrong. *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quotation omitted), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller El v. Cockrell*, 537 U.S. 322, 335 36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).

Where, as here, claims have been rejected on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a

4

valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*; *Webster*, 199 F.3d at 1257 n. 2 (11th Cir. 2000) (dismissal of habeas petition as time barred is procedural). Mr. McNeal cannot make that showing. And since he is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

  **ORDERED** in Tampa, Florida, on April 16, 2021.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

SA: sfc
Copies to:
Antwan McNeal, *pro se*
Counsel of Record